IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GAYLE JACKSON                                                          Plaintiff

v.                                    4:07CV00685 WRW/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                               Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Gayle Jackson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability due to diabetes and lupus. (Tr.

37)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through March 27, 2007, the date of his decision.  (Tr. 19-20)  On July 31, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 57 years old at the time of the hearing.  (Tr. 394)  She completed the eleventh grade in school.  (Tr. 136, 395)  She has past relevant work as an eye glass or optical lens tint technician, towel folder and babysitter.  (Tr. 12, 77-78, 120-21, 138-40)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step

---

[1]The Hon. Mark S. Anderson.

involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2006).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id., §§ 404.1520(a)(4); 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education

and work experience.  <u>Id.</u>, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) . If so, benefits are denied; if not, benefits are awarded.  <u>Id.</u>

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12) He found that Plaintiff had "severe" impairments, a history of diagnosis and/or treatment for non insulin-dependent diabetes mellitus, hypertension and lupus erythematosus, but that she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 12A)  He judged that Plaintiff's testimony and subjective allegations regarding the severity of her symptoms, limitations and restrictions were credible only to the extent that they were supported by other evidence of record and only to the extent that she was unable to perform heavy work. (Tr. 17)

The ALJ found that Plaintiff retained the residual functional capacity for medium work. (Tr. 17)  He found that she was able to return to any of her past relevant work. (Tr. 18) Consequently, the ALJ concluded that Plaintiff was not disabled.  <u>Id.</u>

Plaintiff argues that the ALJ's determination that she could return to her past relevant work was not supported by substantial evidence because he did not consider her limited education or the numbness she suffered in her hands and feet. (Br. 7-8)  The ALJ specifically noted that Plaintiff had an eleventh grade or limited education.[2] (Tr. 12)  Plaintiff points to no evidence which would

---

[2] 20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3) (2005).

support a conclusion that the ALJ did not consider her education.

On January 3, 2003, Plaintiff complained of numbness in her feet and fingers. (Tr. 198, 200) Again on March 10, 2003, she noted some sensory loss of the plantar aspect of her feet, although she did not complain of any numbness in her fingers. (Tr. 194-95). She was instructed to keep her feet dry. (Tr. 194) On October 13, 2003, she denied any numbness. (Tr. 173) Plaintiff points to no medical evidence that she suffered any limitation as a result of numbness in her fingers or feet. Plaintiff did not testify that numbness limited her. See Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995)(no evidence in the record that Plaintiff's moderate obesity or hypertension imposed any limitations on her ability to work); Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(although treating doctors noted claimant was obese and should lose weight, none suggested obesity imposed additional work-related limitations, and claimant did not testify that obesity imposed additional restrictions). Rose Shaw-Bullock, M.D., her treating physician, specifically noted that Plaintiff could stand, walk, lift, carry and handle objects with her fingers. (Tr. 348) She also examined Plaintiff and determined that she could hold a pen and write, touch forefingers to palm, had 100% normal estimated grip, could oppose thumb to fingers, pick up a coin, stand and walk without assistive device, walk on heels and toes and squat and arise from a squatting position. (Tr. 347)

Dr. Shaw-Bullock conducted a general physical examination of

Plaintiff February 21, 2005.  (Tr. 343-48)  In addition to the above findings, she determined that Plaintiff had a full range of motion in the spine and all extremities.  (Tr. 346)  She was neurologically intact; there was no evidence of muscle weakness or atrophy, and no sensory abnormalities were noted.  (Tr. 347)  Gait and coordination were normal.  Id.  Circulation was normal.  (Tr. 348)  She had no limitation in her ability to sit, hear, see or speak.  Id.  Substantial evidence supports the ALJ's determination that Plaintiff could perform her past relevant work.

Plaintiff also urges that the ALJ should have posed a hypothetical question to the vocational expert.  (Br. 8-9)  The ALJ reached his decision at Step 4 of the sequential evaluation process.  Testimony of a vocational expert is not required at Step 4 of the sequential evaluation process; such testimony is only required at Step 5, when the burden shifts to the Commissioner, and claimant has a nonexertional impairment.  Banks v. Massanari, 258 F.3d 820, 827 (8th Cir. 2001); Johnston v. Shalala, 42 F.3d 448, 452 (8th Cir. 1994).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see</u> <u>also</u> <u>Reutter ex rel. Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this ___20___ day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE